TIM HOOPER, WARDEN                                          NO. 25-KH-4

VERSUS                                                      FIFTH CIRCUIT

ZANNIE NEAL                                                 COURT OF APPEAL

                                                           STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

                              January 31, 2025

                                Linda Wiseman
                                First Deputy Clerk

---

**IN RE** ZANNIE NEAL

---

**APPLYING FOR**  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JOSEPH A. MARINO, III, DIVISION "D", NUMBER 98-3238

---

                    Panel composed of Judges Marc E. Johnson,
                    Stephen J. Windhorst, and Timothy S. Marcel

**WRIT DENIED**

In this *pro se* writ application, relator, Zannie Neal, seeks review of the trial court's December 5, 2023, ruling denying his application for post-conviction relief (sometimes "APCR") filed on July 10, 2023.  For the following reasons, we deny this writ application.

Relator was convicted after trial by jury of two counts of second-degree murder and sentenced to life imprisonment.  Relator's convictions and sentences were affirmed by this Court in an unpublished opinion and by the Louisiana Supreme Court.  *State v. Neal*, 00-1300 (La. App. 5 Cir. 4/11/01), 793 So.2d 574, *writ denied*, 01-1380 (La. 4/12/02), 812 So.2d 663.

On July 10, 2023, relator filed his counseled application for post-conviction relief with the trial court.[1]  In it, he claimed his trial counsel rendered ineffective assistance by failing to impeach his co-defendant, Arthur Darby, with a serology report indicating the possible presence of blood on his shoes, and by failing to have DNA testing conducted on the blood sample taken from Darby's shoe.  According to relator, his claim of ineffective assistance is based on newly-discovered facts contained in the written ruling of the U.S. District Court for the Eastern District of Louisiana in the case of *Neal v. Vannoy*, 603 F.Supp.3d 310 (E.D. La. 2022).  In that case, a federal court granted the habeas corpus petition of his co-defendant, Jarrell Neal, and ordered his convictions and sentences set aside on grounds of ineffective assistance of trial and post-conviction counsel.

---

[1] The APCR filed on July 10, 2023, is relator's third APCR.

25-KH-4                                    1

On December 5, 2023, the trial court, while finding relator's APCR was untimely, nonetheless addressed the merits of his claims and denied relief on finding relator failed to meet his post-conviction burden of proof under La. C.Cr.P. art. 930.2.[2] Thereafter, on December 21, 2023, relator, through counsel, filed a Motion for Appeal and Designation of Record with the trial court, seeking review of the trial court's ruling denying his APCR and requesting a return date. Relator's Motion for Appeal was granted on December 22, 2023.

The State filed a writ application with this Court on January 30, 2024, seeking review of the trial court's order granting relator's motion to appeal. On March 12, 2024, this Court granted the State's writ application, and "vacate[d] the trial court's December 22, 2023 order granting Defendant's motion for appeal, and reserve[d] Defendant's right to file a proper application for supervisory writs in compliance with Uniform Rules—Courts of Appeal, Rule 4-3. *See, State v. Neal*, 24-KH-48, 24 WL 1068788 (La. App. 5 Cir. Mar. 12, 2024). Thereafter, on April 17, 2024, relator filed a notice of intent with the trial court, which set a return date "on time legally allowed." Relator filed a counseled "Motion to Clarify the Court's Order" with respect to the "on time legally allowed" return date. On June 3, 2024, the trial court granted that motion and set the return date on June 28, 2024. Service of the court's order setting the certain return date was attempted on relator's counsel at the address provided to the court. However, the service return of that order filed in the record contains a stamp indicating that the deputy was unable to effect service on relator's attorney after two attempts.

On January 3, 2025, relator filed his *pro se* writ application with this Court seeking review of the December 5, 2023 ruling denying his APCR. After review, we find that relator's writ application is deficient because he did not include documentation of the return date with his writ application as required by Uniform Rules-Courts of Appeal, Rule 4-3. Further, this writ application is untimely, as it was not filed within the time delays set forth in Uniform Rules-Courts of Appeal, Rule 4-3. However, considering the deputy sheriff's inability to effect service of the trial court's order of June 3, 2024 on relator's then counsel of record, relator's representations that he has only recently learned that the June 28, 2024 return date had been set, and that he recently filed a *pro se* notice of intent with the trial court which was denied as untimely, we find relator has shown that the delay in filing was not due to his fault. Uniform Rules-Courts of Appeal, Rule 4-3.

In the instant application, relator re-urges his claim of ineffective assistance of counsel contending his claim falls under the "facts not known" exception of La. C.Cr.P. art. 930.8(A)(1).[3] As discussed above, relator relies solely on *Neal v. Vannoy*, *supra*, the federal court decision reversing co-defendant Jarrell Neal's conviction and sentence based on ineffective assistance of trial and post-conviction

---

[2] La. C.Cr.P. art. 930.2 states, "the petitioner in an application for post conviction relief shall have the burden of proving that relief should be granted."

[3] La. C.Cr.P. art. 930.8(A)(1) further provides, in pertinent part:

> The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his prior attorneys. Further, the petitioner shall prove that he exercised diligence in attempting to discover any post conviction claims that may exist. "Diligence" for the purposes of this Article is a subjective inquiry that shall take into account the circumstances of the petitioner. Those circumstances shall include but are not limited to the educational background of the petitioner, the petitioner's access to formally trained inmate counsel, the financial resources of the petitioner, the age of the petitioner, the mental abilities of the petitioner, or whether the interests of justice will be served by the consideration of new evidence. New facts discovered pursuant to this exception shall be submitted to the court within two years of discovery.

2

counsel. Specifically, relator points to the federal court's finding that co-defendant Jarrell Neal's counsel failed to impeach Darby, who became a witness for the State, with the results from a serology report indicating that Darby possibly had blood on his shoes.

Relator and Jarrell Neal were tried separately. Darby testified in both trials that relator and Jarrell Neal asked him to drive them to the victims' home. When they arrived at the victims' home, Darby testified, he waited in the car's drivers seat while Jarrell Neal and relator, who he claimed were armed with guns, went inside the house. After hearing gunshots, Darby testified that he saw relator and Jarrell Neal running to back to the car. After the two men entered the car, Darby testified that they sped away. Police engaged in a lengthy pursuit of their car after leaving the victims' home, which ultimately led to the apprehension of Darby, Jarrell Neal, and relator. *See, State v. Neal*, 00-1300, *supra* (unpublished opinion). *See also, State v. [Jarrell] Neal*, 00-674 (La. 6/29/01), 796 So.2d 649, 653. Thus, Darby's testified in both trials that he never left the car during the incident. In relator's view, the federal court's finding that Neal's trial counsel was ineffective for failing to impeach Darby with evidence suggesting that he was in the house because blood was on his shoe likewise supports a finding of counsel's ineffectiveness in relator's case.

As an initial matter, relator concedes that he raised a claim concerning the same serology report in a prior APCR. Specifically, relator argued that the State failed to timely disclose the results of scientific testing that suggested Darby was in the victims' house when they were killed. On post-conviction review of relator's failure to disclose claim, this Court first pointed out that "[f]orensic analysis revealed that debris was discovered on the bottom of Darby's shoe and preliminary analysis indicated the possible presence of blood on his shoe. However, due to the limited sample size, no further testing was conducted." *See, State ex rel. Neal v. State*, 08-WR-926 (La. App. 5 Cir. 7/9/10) (unpublished writ disposition), *writ denied*, 10-1862 (La. 9/16/11), 69 So.3d 1137. Finding relator's failure to disclose claim was without merit, this Court stated:

> [R]elator fails to show that the state's disclosure of the test results was untimely. In fact, relator concedes that the test results were provided to the defense approximately five months before trial. Moreover, it should also be noted that the test results also revealed that the shoe sole pattern from relator's shoes could not be excluded as the possible origin of a partial bloody shoe print found on a piece of floor tile in the victims' home.

*Id*. In the same APCR, relator also claimed that counsel failed to obtain further DNA testing of Darby's shoes in an effort to link Darby to the murders. This Court found that relator's claim of ineffective assistance of counsel lacked merit, concluding, "[T]he forensic report suggested that the sample was too small for further testing. In addition, as discussed above, the preliminary testing also linked relator to the crime scene as well. Against this backdrop, counsel may have decided not to pursue further testing as a matter of trial strategy." *Id*.

Nevertheless, relator now maintains that as part of Jarrell Neal's federal habeas petition, results from DNA testing on the blood debris evidence recovered from Darby's shoe showing the presence of blood from one of the victims were obtained and submitted with that federal court claim. However, relator does not

include a copy of the DNA results in the instant application. Furthermore, relator's "recent" discovery of DNA testing revealing the presence of the victim's blood on Darby's shoe appears cumulative of the results from the serology report that relator relied upon in his prior APCR. Thus, we find that relator's reliance on DNA testing results confirming the presence of the victim's blood on Darby's shoe does not qualify as discovery of a new fact for purposes of Article 930.8(A)'s exception.

While the DNA testing results confirming the presence of the victim's blood on Darby's shoe may have undermined Darby's credibility at trial, there was forensic evidence presented which placed relator at the crime scene. In his federal habeas petition, Jarrell Neal argued that "[f]orensic shoeprint analysis conducted by the State found that Zannie Neal's Nike shoe could not be excluded as the source of a bloody shoeprint found near Gregory Vickers' body at the scene." *Neal v. Vannoy*, 603 F.Supp.3d at 328 (internal footnote omitted). The federal trial court decision relator relies upon for his claim also found that "[e]vidence that Zannie Neal left the bloody shoeprint found at the scene would have been relevant to the defense's theory that Petitioner [Jarrell Neal] remained in the car and did not shoot the victims." *Id.* at 346 (internal footnote omitted). Against this backdrop, we find that relator's claim of ineffective assistance falls short of meeting his post-conviction burden of proof under La. C.Cr.P. art. 930.2.

For these reasons, we find no error in the ruling of the trial court. This writ application is denied.

Gretna, Louisiana, this 31st day of January, 2025.

**TSM**
**MEJ**
**SJW**

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **01/31/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 25-KH-4

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Joseph A. Marino, III (DISTRICT JUDGE)
Honorable Jacqueline F. Maloney (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Zannie Neal #392609 (Relator)
Louisiana State Penitentiary
Angola, LA 70712